UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| **Valerie Sanders a/k/a Valerie M. Sanders** | **RE:** 558 South Main Street F/K/A 556 1/2 South Main Street, Brewer, ME 04412 |
| **Defendant** | |
| **Community Development Housing Program** | **Mortgage:** June 10, 2004 |
| **Party-In-Interest** | **Book 9386, Page 60** |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Seven Thousand Four Hundred Fifteen and 12/100 ($127,415.12) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national organization, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Valerie Sanders a/k/a Valerie M. Sanders, is a resident of Brewer, County of Penobscot and State of Maine.

6. The Party-in-Interest, Community Development Housing Program, is located at 80 North Main Street Brewer, ME 04412.

## FACTS

7. On June 10, 2004, by virtue of a Warranty Deed from Steven E. Littlefield, which is recorded in the Penobscot County Registry of Deeds in **Book 9386, Page 57**, the property situated at 558 South Main Street F/K/A 556 1/2 South Main Street, County of Penobscot, and State of Maine, was conveyed to the Defendant, Valerie Sanders a/k/a Valerie M.

Sanders, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On June 10, 2004, the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, executed and delivered to Downeast Mortgage Corporation a certain Note in the amount of $62,350.00. Defendant, Valerie Sanders a/k/a Valerie M. Sanders' personal liability is limited and /or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on June 10, 2004, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Downeast Mortgage Corporation, securing the property located at 558 South Main Street F/K/A 556 1/2 South Main Street, Brewer, ME 04412 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 9386**, **Page 60**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Suntrust Mortgage Inc. by virtue of an Assignment of Mortgage dated April 12, 2011 and recorded in the Penobscot County Registry of Deeds in **Book 12448**, **Page 337**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was assigned to Suntrust Mortgage Inc. by virtue of a Corrective Assignment dated July 18, 2011 and recorded in the Penobscot County Registry of Deeds in **Book 12576**, **Page 181**. *See* Exhibit E (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated January 7, 2013 and recorded in the Penobscot County Registry of

Deeds in **Book 13198**, **Page 65**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Secretary of Housing and Urban Development by virtue of an Assignment of Mortgage dated August 28, 2014 and recorded in the Penobscot County Registry of Deeds in **Book 13721**, **Page 248**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated November 18, 2014 and recorded in the Penobscot County Registry of Deeds in **Book 13721**, **Page 249**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment dated April 9, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14842**, **Page 210**. *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. On February 14, 2019, the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). Defendant, Valerie Sanders a/k/a Valerie M. Sanders' personal liability is limited and /or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, of the payment due date, the total amount necessary to cure the default, and the deadline by

which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit J.

18. The Defendant, Valerie Sanders a/k/a Valerie M. Sanders, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. Community Development Housing Program is a Party-in-Interest pursuant to a Rehabilitation Grant Selling Agreement in the amount of $5,615.00 dated September 10, 2009, and recorded in the Penobscot County Registry of Deeds in **Book 11997**, **Page 171** and is in 2nd position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of April 8, 2019 is One Hundred Twenty-Seven Thousand Four Hundred Fifteen and 12/100 ($127,415.12) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $56,599.23 |
| Interest | $31,271.16 |
| Escrow/Impound Required | $25,140.38 |
| Late Fees | $586.57 |
| Total Advances | $13,817.78 |
| Grand Total | $127,415.12 |

24. Upon information and belief, the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, is not presently in possession of the subject property originally secured by the Mortgage.

## FORECLOSURE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 558 South Main Street F/K/A 556 1/2 South Main Street, Brewer, County of Penobscot, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Valerie Sanders a/k/a Valerie M. Sanders, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2010, and

all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of April 8, 2019 is One Hundred Twenty-Seven Thousand Four Hundred Fifteen and 12/100 ($127,415.12) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $56,599.23 |
| Interest | $31,271.16 |
| Escrow/Impound Required | $25,140.38 |
| Late Fees | $586.57 |
| Total Advances | $13,817.78 |
| Grand Total | $127,415.12 |

31. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendant, Valerie Sanders a/k/a Valerie M. Sanders's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any Personal liability on the part of the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, but only seeks in rem judgment against the property.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Valerie Sanders a/k/a Valerie M. Sanders, on February 14, 2019, evidenced by the Certificate of Mailing.. *See* Exhibit J.

34. The Defendant, Valerie Sanders a/k/a Valerie M. Sanders, is not in the Military as evidenced by the attached Exhibit K.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendant, Valerie Sanders a/k/a Valerie M. Sanders' discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

                                               U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: April 23, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670